## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DAWN FOOD PRODUCTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-4071-JAR |
| | ) | |
| COOKIES ON DEMAND, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PROTECTIVE ORDER GOVERNING THE PRODUCTION
## AND EXCHANGE OF CONFIDENTIAL INFORMATION

**NOW ON THIS** 17th day of October, 2005, it is hereby ordered that all information and documents produced, obtained, or exchanged in the course of this litigation, if designated confidential, shall be used solely for the purpose of this litigation as set forth in the following paragraphs:

1.      <u>Confidential information defined.</u> "Confidential" information as used herein means any type of classification of information which is designated as "confidential" by the supplying person or entity that contains or discloses trade secrets, customer or client financial records or information covered by or as defined in the Right to Financial Privacy Act of 1978, 12 U.S.C. ¶ 3401, *et seq.*, reports of nonpublic internal investigations or audits, technological developments, business forecasts or strategy, the terms of executory contracts, proprietary business information or material or other commercially sensitive and currently valuable information of a non-public nature, including but not limited to manufacturing process, creditors, Plaintiff's or Defendant's recipes, vendor pricing or invoices, and product pricing, whether such information be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

2.      <u>Designation of information as confidential</u>.

(a)      A person or entity producing or exchanging a document or copy thereof may designate the document or copy as confidential by marking over the cover or first page with a stamp containing the following or similar language:

> CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER OF
> UNITED STATES DISTRICT COURT, DISTRICT OF KANSAS

(b)      Where it is impracticable to affix the stamped notice specified in subparagraph (a) above, any producing person or entity may, by written notice to counsel in this action, designate any documents, or materials, or any or all categories of its documents, information or materials, as confidential pursuant to this Protective Order.  Such designation shall have the same effect as if each individual item so designated actually were stamped as set forth above.

(c)      <u>Subject to the provisions of Paragraph 1 of this Protective Order</u>, any person or entity may designate as confidential any information disclosed in interrogatory responses or responses to requests for admissions, or requests for production of documents.  <u>Subject to the provisions of Paragraph 1 of this Protective Order</u>, any person or entity may also designate as confidential any materials which it has previously produced or exchanged without such designation.  Notice of such post-production designation shall be given in writing to all parties to whom such materials have previously been furnished.  The stamp described in subparagraph (a), above, shall be placed on all copies of such materials by the parties in possession as soon as possible after receipt of such notice.

(d)      Except for documents produced for inspection at the designator's facilities or counsel's offices, the designation of confidential material shall be made prior to, or contemporaneously with, the

production or disclosure of that information.  If documents are produced for inspection at the designator's facilities, such documents may be produced for inspection before being marked confidential.  Once specific documents have been selected for copying, any documents containing confidential material will then be marked confidential after copying but before delivery to the party who inspected and selected the documents.  There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.  In the event a lawyer or party or paralegal participating in an initial review of documents produced by the opposing party at the opposing party's facility or at the offices of the opposing party's counsel makes notes or abstracts of the documents, the lawyer or party or paralegal shall maintain the confidentiality of those notes or abstracts until such time as the documents are (or are not) designated as confidential.  The lawyer or party or paralegal shall treat notes or abstracts of documents later designated as confidential consistent with the terms of this Confidentiality Stipulation and Protective Order.

(e)      Confidential information disclosed at the deposition of (i) a party; (ii) a party's present or former officer(s), director(s), employee(s), or agent(s); (iii) an independent expert(s); or (iv) expert(s) retained by a party for the purposes of this litigation shall be designated on the record at the deposition as confidential and subject to the provisions of this Order.  Any person or entity may also designate information disclosed at such deposition as confidential by notifying all parties in writing, within thirty days of receipt of the transcript, of the specific pages and lines of the transcript which are confidential.

3.      Protection of confidential information.

(a)      Any information designated as confidential shall be used only for the purpose of this litigation and shall not be made available to persons other than authorized persons or the party who

3

produced the information.

(b)    "Authorized person" as used herein means:

(a)    Attorneys of record (including attorneys designated in pleadings as "Of Counsel") in the above-captioned lawsuit and employees and independent contractors of such attorneys to whom it is necessary that the material be shown for purposes of the litigation of this matter;

(b)    The parties to this litigation;

(c)    Any deponent or court reporter during a deposition properly noticed and convened pursuant to Fed.R.Civ.P. 30;

(d)    Any expert witness or consultant retained by a party pursuant to Fed.R.Civ.P. 26(a)(2);

(e)    Court personnel, including a stenographic reporter, engaged in such proceedings as are necessary and incident to this litigation.

The term "authorized person" also includes any other person who is designated as an authorized person by order of this Court, after notice to all parties.

(c)    In the Event that a party wishes to use any confidential information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such confidential information used therein shall, upon the filing of the appropriate motion for leave to file under seal and the granting of that motion by the court,[1] be maintained under seal by the Court and shall be treated as confidential by the parties.

_____

[1] *See, e.g., Holland v. GMAC Mortg. Corp.*, 2004 WL 1534179, at *2 (D. Kan. June 30, 2004) (setting forth standard for obtaining leave to file documents under seal); *Worford v. City of Topeka*, 2004 WL 316073 (D. Kan. Feb. 17, 2004) (same).

(d)      At the conclusion of this litigation, all documents, information and materials and copies thereof in the possession, custody or control of any nonproducing party shall be returned to the producing person or entity.  All notes, memoranda, summaries or other documents, other than attorney work product and attorney files, in the possession, custody or control of the nonproducing parties referring, describing or relating to documents, information or materials designated as confidential shall be destroyed.

(e)      Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to this client with respect to this litigation and, in the course thereof, referring or relying generally upon his examination of confidential documents produced or exchanged herein; provided however, that in rendering such advice and in otherwise communicating with his clients, the attorney shall not disclose the content or the source of any confidential document produced or exchanged by another party herein which disclosure would be contrary to the terms of this Order.

(f)      Nothing shall prevent disclosure beyond the terms of this Order if the person or entity designating the information as confidential consents to such disclosure, or if the Court, after notice to all parties, orders such disclosure.

4.      Challenges to designations of confidentiality.  A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the supplying party of any information as confidential, the parties shall first attempt to resolve such dispute in good faith on an informal basis.  If any party contests the confidential nature of any information produced or exchanged pursuant to this Order and designated confidential, such party shall give written notice to counsel for all parties setting forth with specificity the information which

5

he contends is not confidential and his intention to use such information in a manner inconsistent with the provisions of this Order.  Any person or entity shall have thirty (30) days after receipt of such notice to move this Court for an order confirming the confidentiality of such information, pursuant to the standards of this Order, Fed.R.Civ.P. 26(c) or any other applicable state or federal statute or regulation.  Any information to which such motion is addressed shall continue to be treated as confidential under the provisions of this Order until further order of this Court.

     5.     Any party may apply at any time to the Court for a modification of or an exception to this Order.

     IT IS BY THE COURT SO ORDERED.

s/K. Gary Sebelius
K. Gary Sebelius
United States Magistrate Judge